Wm. Keith Dozier, OSB 012478
keith@wkd-law.com
Wm. Keith Dozier, LLC
385 First St., Ste. 215
Lake Oswego, OR 97034
Telephone: 503-594-0333
Fax: 503-697-0841

    Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DORENE GOIN, personally, and DORENE GOIN, as Personal Representative of the ESTATE OF VICTOR GOIN, <br><br> Plaintiffs, <br><br> vs. <br><br> THE UNITED STATES OF AMERICA DEPARTMENT OF VETERANS AFFAIRS, <br><br> Defendant | Case No.: 6:18-cv-1788 <br><br> **COMPLAINT** <br><br> **Federal Tort Claim (28 U.S. Code § 1346(b)(1))** |

Plaintiffs allege as follows:

**JURISDICTION AND VENUE**

1.

This Court has jurisdiction pursuant to 28 U.SC. § 1346(b)(1).

PAGE 1 –COMPLAINT

2.

Plaintiff served defendant with a Tort Claim Notice on behalf of herself and more than six months have passed with no agency action.

3.

Plaintiff served defendant with a Tort Claim Notice on behalf of the Estate of Victor Goin and it subsequently administratively denied. The denial was appealed and more than six months have passed since that time.

4.

All of the relevant acts and omissions of defendant alleged herein were committed in the State of Oregon.

**PARTIES**

5.

Plaintiff Dorene Goin is a resident of the State of Oregon. The Circuit Court of Jackson County, State of Oregon, has appointed her Personal Representative of the Estate of Victor Goin.

6.

Defendant is a federal governmental agency.

**COMMON ALLEGATIONS**

7.

Mr. Goin was a veteran receiving medical care at the VA Hospital in Roseburg, Oregon.

8.

On or about May 19, 2015 Mr. Goin was referred to an outside medical provider for medical care. As part of that care the outside provider conducted a CT imaging study of Mr. Goin's abdomen. That imaging study indicated an infrarenal abdominal aortic aneurysm and a separate large right common iliac artery aneurysm. The iliac artery is a branch of the abdominal aortic artery.

9.

The outside radiologist interpreting the CT study of May 19, 2015 noted the abdominal aortic aneurysm to be 4.4 centimeters in size and the large common iliac artery aneurysm to be "at least" 5.7 centimeters. The outside radiologist recommended an additional CTA study of Mr. Goin's abdomen and pelvis to better view these abnormalities.

10.

The exam images and radiology report for the CT study of May 19, 2015 were included in Mr. Goin's medical chart at the Roseburg VA Hospital and available for review by his care providers there.

11.

On May 26, 2015, Mr. Goin's care provider at the Roseburg VA Hospital reviewed Mr. Goin's medical records and noted the finding of an aortic aneurysm in the CT study of May 19, 2015. As a result, that care provider asked that Mr. Goin be informed that he would need an ultrasound imaging study to be conducted twelve months later to monitor an abdominal aortic artery aneurysm. There was no offer of a surgical consultation, endovascular management consultation, or any other follow-up regarding the abdominal aortic artery aneurysm. There was no mention made by the care provider of the large iliac artery aneurysm – to Mr. Goin or anywhere in his medical records.

12.

From that date forward the diagnosis of a 4.4 cm abdominal aortic aneurysm was noted in the "Problem List" of Mr. Goin's medical chart at the Roseburg VA Hospital. The large aneurysm of the iliac artery was never included in the "Problem List" of Mr. Goin's medical chart.

13.

Mr. Goin was not informed of the need for a follow up CTA to fully evaluate the vascular abnormalities. His care providers at the Roseburg VA Hospital ordered no such study.

///

///

///

14.

On February 11, 2016, Mr. Goin was admitted to the Emergency Department at Yuma Regional Medical Center for complaint of severe right flank pain. The large iliac artery aneurysm had ruptured and was hemorrhaging blood.

15.

On February 12, 2016, Mr. Goin underwent a surgical procedure to stop the internal bleeding and repair the ruptured aneurysm. He had severe ischemia of the right leg and revascularization was attempted, but was unsuccessful. As a result, Mr. Goin's right leg was amputated above the knee.

16.

In the days that followed Mr. Goin received critical care but was unable to recover. On February 16, 2016 he suffered bilateral pulmonary embolisms and died of respiratory failure and hypoxia.

17.

Prior to his death Mr. Goin suffered severe physical pain and mental suffering and anguish as a result of Defendant's negligence, all to his non-economic damages in an amount to be determined at trial.

18.

Mr. Goin incurred $174,207.50 in medical bills for the treatment of the ruptured iliac aneurysm and resulting complications occurring prior to his death.

19.

Mr. Goin's Estate has suffered a loss of income due to Mr. Goin's death in an amount to be determined at trial.

20.

Prior to Mr. Goin's death Mrs. Goin suffered through observing her husband's own suffering. She suffered the fear of severe debilitating injury or death to her husband. After Mr. Goin's death Mrs. Goin has suffered emotionally for the loss of her husband and life companion. These are her non-economic damages.

///

Wm. Keith Dozier, LLC
385 First St., Ste. 215
Lake Oswego, OR 97034
P: (503) 594-0333 F: (503) 697-0841

**FIRST CLAIM FOR RELIEF**

**(Negligence – Wrongful Death)**

21.

Defendant, through the acts and omissions of its agents, was negligent in one or more of the following ways that caused Mr. Goin's injuries, damages, and death:

a. In failing to conduct a physical examination or imaging studies to evaluate the abdominal aortic aneurysm and iliac artery aneurysm after they were diagnosed on May 19, 2015;

b. In failing to otherwise monitor Mr. Goin's aneurysms in any other way prior to his death;

c. In failing to refer Mr. Goin for a surgical consultation or an endovascular management consultation;

d. In failing to fully inform Mr. Goin of the dangers presented by the abdominal aortic aneurysm and the iliac artery aneurysm;

e. In failing to have their own radiologist or another outside radiologist review the CT imaging study of May 19, 2015 to evaluate and measure the abdominal aortic aneurysm and iliac artery aneurysm;

f. In failing to accurately and fully note the findings of the May 19, 2015 CT imaging study in Mr. Goin's medical record "Problem List";

g. In failing to accurately and fully inform Mr. Goin's outside care providers of the abdominal aortic aneurysm and iliac artery aneurysm diagnosed on May 19, 2015; and

h. In failing to follow applicable guidelines and standard practices for the screening, monitoring, and management of abdominal aortic aneurysms and iliac artery aneurysms.

## SECOND CLAIM FOR RELIEF

### (Loss of Consortium)

22.

As a result of defendants' negligence, Mrs. Goin suffers the loss of her normal companionship, support, and society of her husband all to her economic and non-economic damage as described herein.

## THIRD CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress)

23.

As a result of defendant's negligence, Mrs. Goin suffered and suffers the mental distress of her having observed her husband's suffering and death.

**WHEREFORE**, Plaintiffs pray for judgment as alleged in each claim stated above.

DATED this 9th day of October 2018.

**Wm. Keith Dozier, LLC**

**and**

**Mark R. Bocci**

/s/ Wm. Keith Dozier, Jr.
Wm. Keith Dozier, Jr., OSB #012478
Of Attorneys for Plaintiff

**Wm. Keith Dozier, OSB 012478**
keith@wkd-law.com
Wm. Keith Dozier, LLC
385 First St., Ste. 215
Lake Oswego, OR 97034
Phone: 503-594-0333
Fax: 503-697-0841

    Attorney for Plaintiff

**Mark R. Bocci, OSB 760647**
markrbocci@me.com
385 First St., Ste. 215
Lake Oswego, OR 97034
Phone: 503-607-0222
Fax: 503-697-0841

    Attorney for Plaintiff